JDB:NMA
F.#2008R02036

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

ANTHONY ANTICO, also known as
    "Big Nose" and "Tico," and
JOSEPH BARRAFATO, JR.,

        Defendants.

- - - - - - - - - - - - - - - - -X

I N D I C T M E N T

Cr. No. _____
(T. 18, U.S.C., §§ 894(a),
1962(c), 1962(d), 1963
and 3551 et seq.)

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

<u>The Enterprise</u>

    1. The members and associates of the Genovese Organized Crime Family of La Cosa Nostra (the "Genovese family") constituted an "enterprise," as that term is defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, which engaged in, and the activities of which affected, interstate and foreign commerce. The Genovese family was an organized criminal group that operated in the Eastern District of New York and other parts of the United States.

2. The Genovese family operated through groups of individuals headed by "captains," who were also referred to as "skippers," "caporegimes" and "capodecinas." These groups, which were referred to as "crews," "regimes" and "decinas," consisted of "made" members of the Genovese family, who were also referred to as "soldiers," "friends of ours," "good fellows" and "buttons," and associates of the Genovese family.

3. Each captain was responsible for supervising the criminal activities of his crew and providing crew members and associates with support and protection. In return, the captain received a share of the earnings of the crew's members and associates.

4. Above the captains were the three highest-ranking members of the Genovese family. The head of the Genovese family was known as the "boss." He was assisted by an "underboss" and a counselor, who was known as the "consigliere." With the assistance of the underboss and the consigliere, the boss was responsible for setting policy, resolving disputes between members of the Genovese family and members of other criminal organizations, and approving all significant actions by members of the Genovese family. From time to time, members of the Genovese family were temporarily appointed to the positions of boss, underboss, consigliere or captain, and functioned in an

3

"acting" capacity for incarcerated or temporarily incapacitated members of the Genovese family.

5.  The boss, the underboss and the consigliere of the Genovese family, who were sometimes referred to collectively as the "administration," supervised, supported, protected and disciplined the captains, soldiers and associates and regularly received reports regarding the activities of the members and associates of the Genovese family. In return for their supervision and protection, the boss, underboss and consigliere received part of the illegal earnings of each crew.

6.  The Genovese family was part of a nationwide criminal organization known by various names, including the "mafia" and "La Cosa Nostra," which operated through entities known as "families." The ruling body of this nationwide organization was known as the "Commission," the membership of which at various times has included the bosses of the five New York-based families, to wit: the Bonanno, Colombo, Gambino, Genovese and Luchese Organized Crime Families. La Cosa Nostra also included other crime families based in other geographic areas, including the DeCavalcante Organized Crime Family, which principally operated in New Jersey.

7.  From time to time, the Genovese family would propose a list of associates to be "made," that is, to become members of the Genovese family. This list would be circulated

for approval to other families based in New York City. Upon becoming "made," each member would take an oath of "omerta," that is, a vow never to reveal any information about the Genovese family, its members or its associates.

The Purposes, Methods and Means of the Enterprise

8. The Genovese family constituted an ongoing organization, whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. The principal purpose of the Genovese family was to generate money for its members and associates. This purpose was implemented by members and associates of the Genovese family through various criminal activities, including narcotics trafficking, loansharking, extortion, illegal gambling, robbery and burglary. The members and associates of the Genovese family also furthered the enterprise's criminal activities by threatening economic injury and using and threatening to use physical violence, including murder.

9. Although the primary purpose of the Genovese family was to generate money for its members and associates, the members and associates at times used the resources of the Genovese family to settle personal grievances and vendettas, sometimes with the approval of higher-ranking members of the Genovese family. For those purposes, members and associates of

the enterprise were asked and expected to carry out, among other crimes, acts of violence, including murder and assault.

10. The members and associates of the Genovese family engaged in conduct designed to prevent government detection of their identities, their illegal activities and the location of proceeds of those activities. That conduct included a commitment to murdering persons, particularly members or associates of organized crime families, who were perceived as potential witnesses against members and associates of the enterprise.

11. Members and associates of the Genovese family often coordinated street-level criminal activities, such as narcotics trafficking, loansharking and extortion, with members and associates of other organized crime families of La Cosa Nostra.

The Defendants

12. At all times relevant to this Indictment, the defendant ANTHONY ANTICO, also known as "Big Nose" and "Tico," was a captain, soldier and associate within the Genovese family.

13. At all times relevant to this Indictment, the defendant JOSEPH BARRAFATO, JR., was an associate within the Genovese family.

## COUNT ONE
(Racketeering)

14. The allegations contained in paragraphs one through thirteen are realleged and incorporated as if fully set forth in this paragraph.

15. In or about and between January 2008 and August 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTHONY ANTICO, also known as "Big Nose" and "Tico," and JOSEPH BARRAFATO, JR., together with others, being persons employed by and associated with the Genovese family, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

## RACKETEERING ACT ONE
(Robbery Conspiracy)

16. In or about and between June 2008 and July 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTHONY ANTICO and JOSEPH BARRAFATO, JR., together with others, did knowingly and intentionally conspire to steal gambling winnings forcibly

7

from John Doe #1, an individual whose identity is known to the Grand Jury, aided by another person actually present, in violation of New York Penal Law Sections 160.10 and 105.10.

### RACKETEERING ACT TWO
(Extortionate Collection of Credit Conspiracy)

17.  In or about and between June 2008 and July 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTHONY ANTICO and JOSEPH BARRAFATO, JR., together with others, did knowingly and intentionally conspire to participate in the use of extortionate means to collect an extension of credit from John Doe #2, an individual whose identity is known to the Grand Jury, in violation of Title 18, United States Code, Section 894(a).

### RACKETEERING ACT THREE
(Extortionate Collection of Credit Conspiracy)

18.  In or about and between June 2008 and July 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTHONY ANTICO and JOSEPH BARRAFATO, JR., together with others, did knowingly and intentionally conspire to participate in the use of extortionate means to collect an extension of credit from John Doe #3, an individual whose identity is known to the Grand Jury, in violation of Title 18, United States Code, Section 894(a).

## RACKETEERING ACT FOUR
(Extortionate Collection of Credit Conspiracy)

19. In or about and between June 2008 and July 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTHONY ANTICO and JOSEPH BARRAFATO, JR., together with others, did knowingly and intentionally conspire to participate in the use of extortionate means to collect an extension of credit from John Doe #4, an individual whose identity is known to the Grand Jury, in violation of Title 18, United States Code, Section 894(a).

(Title 18, United States Code, Sections 1962(c), 1963 and 3551 et seq.)

## COUNT TWO
(Racketeering Conspiracy)

20. The allegations contained in paragraphs one through thirteen are realleged and incorporated as if fully set forth in this paragraph.

21. In or about and between January 2008 and August 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTHONY ANTICO, also known as "Big Nose" and "Tico," and JOSEPH BARRAFATO, JR., together with others, being persons employed by and associated with the Genovese family, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to

9

violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5).

22. The pattern of racketeering activity through which the defendants ANTHONY ANTICO and JOSEPH BARRAFATO, JR., together with others, agreed to conduct the affairs of the enterprise consisted of the racketeering acts set forth as racketeering acts one through four in Count One above. Each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

COUNT THREE
(Extortionate Collection of Credit Conspiracy)

23. In or about and between June 2008 and July 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTHONY ANTICO, also known as "Big Nose" and "Tico," and JOSEPH BARRAFATO, JR., together with others, did knowingly and intentionally conspire to participate in the use of extortionate means to collect an extension of credit from John Doe #2.

(Title 18, United States Code, Sections 894(a) and 3551 et seq.)

10

## COUNT FOUR
(Extortionate Collection of Credit Conspiracy)

24. In or about and between June 2008 and July 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTHONY ANTICO, also known as "Big Nose" and "Tico," and JOSEPH BARRAFATO, JR., together with others, did knowingly and intentionally conspire to participate in the use of extortionate means to collect an extension of credit from John Doe #3.

(Title 18, United States Code, Sections 894(a) and 3551 et seq.)

## COUNT FIVE
(Extortionate Collection of Credit Conspiracy)

25. In or about and between June 2008 and July 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTHONY ANTICO, also known as "Big Nose" and "Tico," and JOSEPH

11

BARRAFATO, JR., together with others, did knowingly and intentionally conspire to participate in the use of extortionate means to collect an extension of credit from John Doe #4.

(Title 18, United States Code, Sections 894(a) and 3551 et seq.)

A TRUE BILL

_____
FOREPERSON

_____
BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

# INFORMATION SHEET

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

1. Title of Case: **United States v. Anthony Antico, et al.**
2. Related Magistrate Docket Number(s):

   None ( )

3. Arrest Date:
4. Nature of offense(s): ☒ Felony
   ☐ Misdemeanor

5. Related Cases - Title and Docket No(s). (Pursuant to Rule 50.3 of the Local E.D.N.Y. Division of Business Rules): _____

6. Projected Length of Trial:  Less than 6 weeks  (X)
   More than 6 weeks  ( )

7. County in which crime was allegedly committed: Brooklyn
   (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8. Has this indictment/information been ordered sealed?  (X) Yes  ( ) No

9. Have arrest warrants been ordered?  (X) Yes  ( ) No

   BENTON J. CAMPBELL
   UNITED STATES ATTORNEY

   By: _____
   Nicole M. Argentieri
   Assistant U.S. Attorney
   718-254-6232

Rev. 3/22/01